**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **CHRIS COLOGNE and CATHERINE COLOGNE** | **CIVIL ACTION NO.  2:12-CV-00735** |
| **VERSUS** | **JUDGE ELDON E. FALLON** |
| **SHELL OIL COMPANY, ET AL.** | **MAGISTRATE JUDGE DANIEL E. KNOWLES, III** |

**TEXACO DOWNSTREAM PROPERTIES, INC.'S**
**PROPOSED JURY INSTRUCTIONS**

Defendant Texaco Downstream Properties, Inc. ("TDPI"), by and through its undersigned

counsel, respectfully submits the following proposed jury instructions to be given to the jury in

connection with the trial of this matter.

## PROPOSED JURY INSTRUCTION NO. 1

**Bias—Corporate Party Involved**

Do not let bias, prejudice, or sympathy play any part in your deliberations.  The fact that the Defendant in this case is a corporation should play no part in your deliberations.  People and corporations of any size stand equal before the law and must be treated as equals in a court of justice.  The fact that the Defendant in this case is a legal entity and not an individual should not be a factor in your decision.  In a court of law, corporations are entitled to be treated in the same manner as individuals.

Authority:  Fifth Circuit Pattern Jury Instructions § 2.13.

2

**PROPOSED JURY INSTRUCTION NO. 2**

**Impeachment by Witnesses' Inconsistent Statements**

A witness may be discredited or impeached by contradictory evidence tending to prove that the witness testified falsely, or by evidence that at other times the witness has made statements which are inconsistent with the witness's present testimony.  If you believe any witness has been impeached and thus discredited, you have the right to give the testimony of that witness such credibility, or such believability as you may think it deserves.

In addition, although a witness does not deliberately testify falsely, sometimes his memory may be unreliable.  You have a right to distrust, or at least to limit, the weight you give to such testimony.

Where witnesses disagree as to certain events, you may of course take into consideration the relative opportunity which each witness had to observe the events at issue when they occurred.

Authority:   Fifth Circuit Pattern Jury Instructions § 2.16.

## PROPOSED JURY INSTRUCTION NO. 3

**Objections**

During the course of the trial, you have heard objections to evidence. Sometimes these are argued out of the hearing of the jury. It is the duty of the attorneys on each side of a case to object when the other side offers testimony or other evidence the attorney believes is not properly admissible. You should not draw any inference against or show any prejudice against a lawyer or his client because of the making of an objection.

Upon allowing testimony or other evidence to be introduced over the objection of an attorney, the Court does not, unless expressly stated, indicate any opinion as to the weight or effect of such evidence. As stated before, you are the sole judges of the credibility of all witnesses and the weight and effect of all evidence.

When the Court has sustained an objection to a question addressed to a witness, the jury must disregard the question entirely, and may draw no inference from the wording of it, or speculate as to what the witness would have said if permitted to answer the question.

**PROPOSED JURY INSTRUCTION NO. 4**

**Limiting Instruction**

You will recall that during the course of this trial I instructed you that I admitted certain testimony for a limited purpose and I instructed you that you may consider some testimony as evidence against one party but not against another.  You may consider such evidence only for the specific limited purposes for which it was admitted.

Authority:  Fifth Circuit Pattern Jury Instructions § 2.15.

## PROPOSED JURY INSTRUCTION NO. 5

**Expert Witnesses**

In this case, I have permitted certain witnesses, which are called "expert" witnesses, to express their opinions about matters that are in issue.  A witness may be permitted to testify to an opinion on those matters about which he has special knowledge, skill, experience and training.  Such testimony is presented to you on the theory that someone who is experienced and knowledgeable in the field can assist you in understanding the evidence or in reaching an independent decision on the facts.

In weighing this opinion testimony, you may consider the witness's qualifications, his opinions, the reasons for testifying, as well as all of the other considerations that ordinarily apply when you are deciding whether or not to believe a witness's testimony.  You may give the opinion testimony whatever weight, if any, you find it deserves in light of all the evidence in this case.  You should not, however, accept opinion testimony merely because I allowed the witness to testify concerning his opinion.  Nor should you substitute it for your own reason, judgment and common sense.  The determination of the facts in this case rests solely with you.

To the extent that the testimony of expert witnesses for both sides in this case is in conflict, you must remember that you are the sole trier of the facts and their testimony relates to questions of fact, so it is your job to resolve the disagreement.  The way you resolve the conflict between these witnesses is the same way that you decide other fact questions and the same way you decide whether to believe ordinary witnesses.  In addition, since they gave their opinions, you should consider the soundness of each opinion, reasons for the opinion and the witness's motive, if any, for testifying.

Authority:  Fifth Circuit Pattern Jury Instructions § 2.19.

6

## PROPOSED JURY INSTRUCTION NO. 6

**Burden of Proof**

In this case, the Plaintiff must prove every essential part of his claim by a preponderance of the evidence.  A preponderance of the evidence simply means evidence that persuades you that the Plaintiff's claim is more likely true than not true.  Proof which establishes only possibility, speculation, or unsupported probability does not suffice in meeting Plaintiff's burden of proof.

If the proof fails to establish any essential part of the Plaintiff's claim by a preponderance of the evidence, you should find for the Defendant.

Authority:  Fifth Circuit Pattern Jury Instructions § 2.20; H. Alston Johnson, 18 Louisiana Civil Law Treatise – Civil Jury Instructions § 3:3 (3d ed. 2011).

## PROPOSED JURY INSTRUCTION NO. 7

**Whether Defendant is the "Insurer" of its Executive Officers**

The Plaintiff is suing Texaco in this case only in its capacity as the alleged "insurer" of its executive officers, which in this case are three former Texaco field supervisors, namely George W. Neugent, Jr., Douglas A. Matherne, and Alton A. Gonsoulin.  Texaco, on the other hand, contends that it is not an insurer under the law.  Texaco admits that prior to 1992, Travelers Insurance Co. provided insurance to Texaco, however, the relevant insurance policies were cancelled in 1992 pursuant to a "buy back" agreement between Texaco and Travelers.

You must decide whether or not Texaco is currently the insurer of its executive officers. The Plaintiff is not making a claim for Texaco's negligence and, therefore, if you find that Texaco is not the insurer of its executive officers, then you need not go any further in your deliberations and you should render a verdict for the Defendant on the verdict form.

Authority:  La. R.S. 22:1269.

## PROPOSED JURY INSTRUCTION NO. 8

**Direct Action Statute**

If you find that Texaco is the insurer of its executive officers, you must keep in mind that the Plaintiff is not suing the Defendant for its own negligence and, therefore, the issue of Texaco's negligence as a corporation is not before you.  Rather, the Plaintiff is making a claim of "executive officer liability" in this case.  Therefore, in order to prove his claims in this case, the Plaintiff must establish that his non-Hodgkin's lymphoma resulted from the personal fault of one or more executive officers of Texaco, which in this case are alleged to be the individual field supervisors.  The conduct or negligence of Texaco itself is not an issue in this case.

Authority:  La. R.S. 22:1269; *Soileau v. Smith True Value & Rental*, 2012-1711 (La. 6/28/13), __ So.3d__, 2013 WL 3305265, at *4; *Degelos v. Fidelity & Cas. Co. of New York*, 313 F.2d 809, 815 (5th Cir. 1963).

<u>PROPOSED JURY INSTRUCTION NO. 9</u>

**Standard for Executive Officer Liability**

In order to prove a claim for executive officer liability, the Plaintiff has the burden of proving the negligence of one or more executive officers.  In this case, the executive officers are alleged to be George W. Neugent, Jr., Douglas A. Matherne, and Alton A. Gonsoulin.  The law requires that Plaintiff must prove each of the following essential elements by a preponderance of the evidence:

1) The principal or employer owes a duty of care to the plaintiff, breach of which has caused the damage for which recovery is sought.

2) This duty is delegated by the principal or employer to the executive officer.

3) The executive officer has breached this duty through personal (as contrasted with technical or vicarious) fault.  The breach occurs when the executive officer has failed to discharge the obligation with the degree of care required by ordinary prudence under the same or similar circumstances—whether such failure be due to malfeasance, misfeasance, or nonfeasance, including when the failure results from not acting upon actual knowledge of the risk to others as well as from a lack of ordinary care in discovering and avoiding such risk of harm which has resulted from the breach of the duty.

4) With regard to the personal (as contrasted with technical or vicarious) fault, personal liability cannot be imposed upon the executive officer simply because of his general administrative responsibility for performance of some function of the employment.  He must have a personal duty towards the injured plaintiff, breach of which specifically has caused the plaintiff's damages.  If the executive officer's general responsibility has been delegated with due care to some responsible subordinate or subordinates, he is not himself personally at fault and liable for the negligent performance of this responsibility unless he personally knows or personally should know of its non-performance or mal-performance and has nevertheless failed to cure the risk of harm.

<u>Authority</u>:  *Canter v. Koehring Co.*, 283 So.2d 716, 721 (La. 1973); *Boyer v. Johnson*, 360 So.2d 1164, 1166 n.1 (La. 1978); *Ford v. Elsbury*, 32 F.3d 931, 936 (5th Cir. 1994).

10

## PROPOSED JURY INSTRUCTION NO. 10

**Duty**

Generally, "duty" is defined as the obligation to conform to the standard associated with a reasonable man in like circumstances.  Whether Texaco delegated a legal duty to the field supervisors in the Paradis field to protect Plaintiff from the risk of benzene-related disease while Plaintiff worked in the Paradis field between 1970 and 1976 depends upon:  (1) the facts and circumstances of the case, and (2) the relationship of the parties.  The fact that a duty exists does not mean that it extends to protect everyone against every risk all of the time.

Authority:  *Walker v. Phi Beta Sigma Fraternity*, 706 So.2d 525, 528-29 (La. App. 1 Cir. 1997); *Lejeune v. Rayne Branch Hospital*, 556 So.2d 559, 569 (La. 1990).

PD.10965777.2

<u>PROPOSED JURY INSTRUCTION NO. 11</u>

**Evaluating the Personal Fault of Executive Officers**

Plaintiff must prove by a preponderance of the evidence that his non-Hodgkin's lymphoma was caused by the personal fault of one or more of the field supervisors. In determining whether the Plaintiff's non-Hodgkin's lymphoma resulted from the personal fault of any of the field supervisors, you must first consider whether Texaco delegated a duty to any of the field supervisors to protect the Plaintiff from benzene-related disease. If you find that Texaco delegated such a duty to the field supervisors, then you must determine whether they breached that duty through their personal fault.

In evaluating whether the field supervisors were personally at fault, you must determine whether the field supervisors' conduct fell below the applicable standard of care. In this case, the applicable standard of care is that degree of care which we might reasonably expect from an ordinarily prudent field supervisor under the same or similar circumstances. The standard of care is not that of an extraordinarily cautious individual or an exceptionally skilled person, but that of a person of ordinary prudence.

Because the Plaintiff's allegations concern the field supervisors' conduct between 1970 and 1976, you must evaluate the field supervisors' conduct by reference to what we might have reasonably expected from an ordinarily prudent field supervisor during that time period, not by reference to today's standards.

In determining personal fault of the field supervisors, you should also consider whether there was a specific corporate policy or workplace rule or procedure in place between 1970 and 1976 designed to protect crude oil production workers from benzene exposure, and whether the field supervisors failed to implement or follow such policy, rule, or procedure.

PD.10965777.2

If you find that the field supervisors had only a general responsibility to ensure that safe working conditions existed in the Paradis field between 1970 and 1976 or to generally keep employees advised of safety issues, this would not be sufficient to find the field supervisors personally at fault.

Authority:  *Hoerner v. Anco Insulations, Inc.*, 2000-2333 (La. App. 4 Cir. 1/23/02), 812 So.2d 45, 62-64; *Young v. Logue*, 94-0585 (La. App. 4 Cir. 5/16/95), 660 So.2d 32, 48; *Ford v. Elsbury*, 32 F.3d 931, 936 (5th Cir. 1994); *Guillory v. PPG Industries, Inc.*, 434 F.3d 303, 312-13 (5th Cir. 2005).

<u>PROPOSED JURY INSTRUCTION NO. 12</u>

**Medical Causation**

In a case such as this, the Plaintiff must prove by a preponderance of the evidence, through competent expert testimony, that exposure to crude oil is generally capable of causing his type of non-Hodgkin's lymphoma, and that his non-Hodgkin's lymphoma was in fact caused by his work in the Paradis field between 1970 and 1976.

In evaluating whether Plaintiff's non-Hodgkin's lymphoma was caused by his work in the Paradis field between 1970 and 1976, you may consider the fact that the Plaintiff may have been exposed to crude oil and other benzene-containing substances during other periods of employment between 1961 and 1970, prior to his work with Texaco.

If the Plaintiff probably would have developed non-Hodgkin's lymphoma regardless of his work in the Paradis field between 1970 and 1976, then you will have to decide that his injury was not caused by his work in the Paradis field between 1970 and 1976 and render a verdict for the Defendant.  If, on the other hand, you find that the Plaintiff probably would not have developed non-Hodgkin's lymphoma in the absence of his work in the Paradis field between 1970 and 1976, then you will have to decide that his work in the Paradis field between 1970 and 1976 did play a part in causing the Plaintiff's injury.

<u>Authority</u>:  *In re FEMA Trailer Formaldehyde Prods. Liab. Litig.*, MDL No. 07-1873, 2010 WL 1956636, at *1 n.1 (E.D. La. May 13, 2010) ((citing *Knight v. Kirby Inland Marine, Inc.*, 482 F.3d 347, 351 (5th Cir. 2007)); *Hutchinson v. Shah*, 94-0264 (La. App. 1 Cir. 12/22/94), 648 So.2d 451, 452-53.

PD.10965777.2

## PROPOSED JURY INSTRUCTION NO. 13

**Contributory Negligence**

"Contributory negligence" is fault on the part of the person injured which, cooperating in some degree with the negligence of others, helps in causing the injury. In this case, the Plaintiff is a worker who alleges that fault in the workplace was a cause of his non-Hodgkin's lymphoma, and the defense of his own lack of care has been raised. You should judge Plaintiff's lack of care by the following standard: a worker must follow the standard of behavior of a reasonably prudent person under the circumstances, and exercise that degree of care that such a person would for his own safety. In assessing the Plaintiff's conduct, you may consider any applicable rules, regulations, policies, or procedures of Texaco and whether or not the Plaintiff followed such rules, regulations, policies, or procedures as required by Texaco.

If you find that the Plaintiff was contributorily negligent and that this negligence contributed to his development of non-Hodgkin's lymphoma, you should make an appropriate finding on the verdict form. If you are convinced that the Plaintiff was injured solely because of his own sub-standard conduct, you may assign 100% of the responsibility to the Plaintiff.

Authority: H. Alston Johnson, 18 *Louisiana Civil Law Treatise – Civil Jury Instructions* §§ 5:1, 5:8 (3d ed. 2011); *Strauss v. Allstate*, 416 So.2d 60, 63 (La. App. 3 Cir. 1982).

## PROPOSED JURY INSTRUCTION NO. 14

**Damages Generally**

Should your verdict be in favor of the Plaintiff and against the Defendant, you must then determine the amount of damages to which the Plaintiff is entitled.  You must set the amount of those damages.  Any award of damages must be reasonable in amount and should only be for the sum which you believe will adequately compensate the Plaintiff for any damages sustained by him, which under my instructions to you, are legally recoverable.

If you find that the Plaintiff is lawfully entitled to recover any damages at all, you should take a realistic and practical view of the life and circumstances surrounding him; avoid all extravagance and unreasonable uncertainty.  You may not award speculative items of damage but those you decide have been proved with reasonable certainty, trying to be fair and just to the Defendant, as well as to the Plaintiff.  In determining the amount of those damages, you shall not apply or attempt to apply any mathematical formula.

You are not permitted to award any sum for court costs, attorney's fees, or interest.  Such matters are left to the Court.  Moreover, you may not add a sum of money to any award on account of federal or state income taxes, since any amount received by the Plaintiff would  not be subject to federal, state, or local taxes.

Plaintiff's previous resources and mode of living must be considered.   If you have not been presented with sufficient evidence to enable you to fix damages with sound and reasonable certainty, that is not the responsibility of the Defendant.  You should not guess about it.  If it has not been established with reasonable certainty, you should not award it.

Above all, you should award no damages at all unless you decide that the evidence justly and lawfully entitles the Plaintiff to damages.

PD.10965777.2

Authority:  H. Alston Johnson, 18 *Louisiana Civil Law Treatise – Civil Jury Instructions* § 18:1 (3d ed. 2011); *Roe v Somerson*, 419 So.2d 1249 (La. App. 1 Cir. 1982); *McFarland v. Illinois Cent. R.R. Co.*, 127 So.2d 183 (La. 1961); *DeBose v. Trapani*, 295 So.2d 72 (La. App. 4 Cir. 1974).

PD.10965777.2

<u>**PROPOSED JURY INSTRUCTION NO. 15**</u>

**General & Special Damages**

The law recognizes both "general" damages for the pain and suffering which a plaintiff may have faced and "specific" damages (sometimes called "special" damages), which are intended to reimburse a plaintiff for the actual or anticipated out-of-pocket expenses which he has incurred to date or will incur in the future

If you decide to award Plaintiff general damages, you may consider his pain and suffering, inconvenience, and mental distress, both in the past and to be anticipated in the future.

If you decide to award Plaintiff special damages, you should consider the evidence that has been offered on these issues, if any, and you may award sums of money for past medical expenses and/or future medical expenses.

The Plaintiff is not making a claim for past or future lost wages and, therefore, you may not award any damages for past or future lost wages in this case.

<u>Authority</u>:  H. Alston Johnson, 18 *Louisiana Civil Law Treatise – Civil Jury Instructions* § 18:3 (3d ed. 2011); Fifth Circuit Pattern Jury Instructions § 2.22.

PD.10965777.2

## PROPOSED JURY INSTRUCTION NO. 16

**Medical Expenses**

In determining any award that you might make for past or future medical expenses, you should consider the evidence, and the opinions of expert witnesses, to decide the reasonable value or expense of medical care and treatment which was or will be reasonable and necessary for Plaintiff's condition.  You are not permitted to base such an award on speculation or conjecture.  Rather, the Plaintiff must prove by a preponderance of the evidence that the medical expenses are both reasonable and necessary.


Authority:  H. Alston Johnson, 18 *Louisiana Civil Law Treatise – Civil Jury Instructions* § 18:5 (3d ed. 2011).

19

<u>**PROPOSED JURY INSTRUCTION NO. 17**</u>

**Limitation on Damages**

If you find that the Plaintiff is entitled to recover damages from the Defendant, you should consider only those injuries which the Plaintiff received as a result of the events discussed in this case. In other words, the Defendant cannot be held liable for damages resulting from diseases or health problems of Plaintiff that are not related to his claims in this case.

In awarding damages, however, you are to consider and take into account the overall state of Plaintiff's health, including unrelated health problems, and make an appropriate award which reflects a consideration of such health problems.

<u>Authority</u>:  *Degruise v. Houma Courier Newspaper Corp.*, 95-1863 (La. 11/25/96), 683 So.2d 689, 693-94; *Hale v. Champagne*, 365 So.2d 55, 56 (La. App. 3 Cir. 1978).

<u>**PROPOSED JURY INSTRUCTION NO. 18**</u>

**No Punitive Damages**

In fixing the amount of damages, if any, in this case, you may not include in or add to any otherwise just award any sum for the purpose of punishing the Defendant or to set an example. Indeed, the law of this state does not permit an award of punitive damages, that is to say, in a case of this kind, no award should be made as a punishment for injuries which may have been inflicted. Any award made in this case must be limited to a reasonable compensation for the items claims and proved as damages which have been sustained by Plaintiff.

<u>Authority</u>:  H. Alston Johnson, 18 *Louisiana Civil Law Treatise – Civil Jury Instructions* § 18:11 (3d ed. 2011).

Respectfully submitted,

**PHELPS DUNBAR LLP**


BY:      /s/ *Patrick A. Talley, Jr.*
        Patrick A. Talley, Jr., T.A. (Bar #1616)
        Barbara L. Arras, (Bar #17908)
        Curt L. Rome, (Bar #29406)
        Jeremy T. Grabill, (Bar #34924)
        Canal Place | 365 Canal Street, Suite 2000
        New Orleans, Louisiana 70130-6534
        Telephone: 504-566-1311
        Telecopier: 504-568-9130
        Email: talleyp@phelps.com
             arrasb@phelps.com
             curt.rome@phelps.com
             jeremy.grabill@phelps.com

**ATTORNEYS FOR DEFENDANT TEXACO DOWNSTREAM PROPERTIES, INC.**


## CERTIFICATE OF SERVICE

I do hereby certify that I have on this 3rd day of February, 2014 filed a copy of the foregoing pleading with the Clerk of Court using the CM-ECF system, which sent electronic notification of such filing to all counsel of record.


      /s/ *Patrick A. Talley, Jr.*