| | | |
|---|---|---|
| CHRIS COLOGNE and CATHERINE COLOGNE, | * | CIVIL ACTION NO. 12-735 |
| | * | |
| | * | JUDGE: Eldon E. Fallon |
| Plaintiffs | * | |
| | * | MAGISTRATE: Daniel E. Knowles III |
| vs. | * | |
| | * | |
| SHELL OIL COMPANY, ET AL. | * | |
| | * | |
| Defendants. | * | |

# PLAINTIFF'S PROPOSED JURY INSTRUCTIONS

Plaintiff, Chris Cologne, through undersigned counsel respectfully submits the attached proposed Jury Jury Instrucitons to be used in the trial of this matter.

**PRELIMINARY INSTRUCTIONS**

MEMBERS OF THE JURY:

You have now been sworn as the jury to try this case. As the jury you will decide the disputed questions of fact.

As the Judge, I will decide all questions of law and procedure. From time to time during the trial and at the end of the trial, I will instruct you on the rules of law that you must follow in making your decision.

Soon, the lawyers for each of the parties will make what is called an opening statement. Opening statements are intended to assist you in understanding the evidence. What the lawyers say is not evidence.

After the opening statements, the plaintiff will call witnesses and present evidence. Then, the defendant will have an opportunity to call witnesses and present evidence. After the parties' main case is completed, the plaintiff may be permitted to present rebuttal evidence. After all the evidence is completed, the lawyers will again address you to make final arguments. Then I will instruct you on the applicable law. You will then retire to deliberate on a verdict.

Keep an open mind during the trial. Do not decide any fact until you have heard all of the evidence, the closing arguments, and my instructions.

Pay close attention to the testimony and evidence. If you would like to take notes during the trial, you may do so. If you do take notes, be careful not to get so involved in note taking that you become distracted and miss part of the testimony. Your notes are to be used only as aids to your memory, and if your memory should later be different from your notes, you should rely on your memory and not on your notes. If you do not take notes, rely on your own independent

memory of the testimony. Do not be unduly influenced by the notes of other jurors. A juror's notes are not entitled to any greater weight than the recollection of each juror concerning the testimony.] Even though the court reporter is making stenographic notes of everything that is said, a typewritten copy of the testimony will not be available for your use during deliberations. On the other hand, exhibits may be available to you during your deliberations.

Until this trial is over, do not discuss this case with anyone and do not permit anyone to discuss this case in your presence. Do not discuss the case even with the other jurors until all of the jurors are in the jury room actually deliberating at the end of the case. If anyone should attempt to discuss this case or to approach you concerning the case, you should inform the Court immediately. Hold yourself completely apart from the people involved in the case—the parties, the witnesses, the attorneys and persons associated with them. It is important not only that you be fair and impartial but that you also appear to be fair and impartial.

Do not make any independent investigation of any fact or matter in this case. You are to be guided solely by what you see and hear in this trial. Do not learn anything about the case from any other source. [In particular, do not read any newspaper account of this trial or listen to any radio or television newscast concerning it.] [Do not listen to any local radio or television newscasts until this trial is over, or read any local newspaper unless someone else first removes any possible reference to this trial.]

During the trial, it may be necessary for me to confer with the lawyers out of your hearing or to conduct a part of the trial out of your presence. I will handle these matters as briefly and as conveniently for you as I can, but you should remember that they are a necessary part of any trial.

It is now time for the opening statements.[1]

---

[1] Fifth Circuit Pattern Jury Instructions – Civil, 2006

## 2.3 STIPULATIONS OF FACT

The parties have agreed, or stipulated, that:

1.  Mr. Cologne worked for Texaco, Inc. ( now TDPI, Inc.) in the Paradis field in Louisiana beginning in April 6,1970 and continuing through the end of 1976.

2.  Plaintiff worked for Texaco in the Paradis field from 1970 to 1999.  Throughout his career at Texaco Plaintiff worked as a roustabout or a pumper.

This means that both sides agree that this is a fact.  You must therefore treat this fact as having been proved.[2]

---

[2] Fifth Circuit Pattern Jury Instructions – Civil, 2006

<u>**CHARGE NO. -___**</u>

**DUTY TO DELIBERATE**

It is your sworn duty as jurors to discuss the case with one another in an effort to reach agreement if you can do so.  Each of you must decide the case for yourself, but only after full consideration of the evidence with the other members of the jury.  While you are discussing the case, do not hesitate to re-examine your own opinion and change your mind if you become convinced that you are wrong.  However, do not give up your honest beliefs solely because the others think differently, or merely to finish the case.

Remember that in a very real way you are the judges—judges of the facts.  Your only interest is to seek the truth from the evidence in the case.[3]

---

[3] Fifth Circuit Pattern Jury Instructions – Civil, 2006

**INSTRUCTIONS ON DELIBERATION**

When you retire to the jury room to deliberate, you may take with you [this charge and] the exhibits that the Court has admitted into evidence. Select your Foreperson and conduct your deliberations. If you recess during your deliberations, follow all of the instructions that I have given you concerning your conduct during the trial. After you have reached your unanimous verdict, your Foreperson must fill in your answers to the written questions and sign and date the verdict form. [Return this charge together with your written answers to the questions.] Unless I direct you otherwise, do not reveal your answers until such time as you are discharged. You must never disclose to anyone, not even to me, your numerical division on any question.

If you want to communicate with me at any time, please give a written message to the bailiff, who will bring it to me. I will then respond as promptly as possible either in writing or by meeting with you in the courtroom. I will always first show the attorneys your question and my response before I answer your question.

After you have reached a verdict, you are not required to talk with anyone about the case unless I order you to do so.

You may now retire to the jury room to conduct your deliberations.[4]

---

[4] Fifth Circuit Pattern Jury Instructions – Civil, 2006

**GENERAL INSTRUCTIONS FOR CHARGE**

MEMBERS OF THE JURY:

You have heard the evidence in this case. I will now instruct you on the law that you must apply. It is your duty to follow the law as I give it to you. On the other hand, you the jury are the judges of the facts. Do not consider any statement that I have made in the course of trial or make in these instructions as an indication that I have any opinion about the facts of this case.

[After I instruct you on the law, the attorneys will have an opportunity to make their closing arguments.] [You have heard the closing arguments of the attorneys.] Statements and arguments of the attorneys are not evidence and are not instructions on the law. They are intended only to assist the jury in understanding the evidence and the parties' contentions.

Answer each question from the facts as you find them. [Do not decide who you think should win and then answer the questions accordingly.] Your answers and your verdict must be unanimous.

You must answer all questions from a preponderance of the evidence. By this is meant the greater weight and degree of credible evidence before you. In other words, a preponderance of the evidence just means the amount of evidence that persuades you that a claim is more likely so than not so. In determining whether any fact has been proved by a preponderance of the evidence in the case, you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

[You will recall that during the course of this trial I instructed you that certain testimony and certain exhibits were admitted into evidence for a limited purpose and I instructed you that you may consider some documents as evidence against one party but not against another.  You may consider such evidence only for the specific limited purposes for which it was admitted.  (Specific limiting instructions may be repeated as appropriate.) ]

In determining the weight to give to the testimony of a witness, you should ask yourself whether there was evidence tending to prove that the witness testified falsely concerning some important fact, or whether there was evidence that at some other time the witness said or did something, or failed to say or do something, that was different from the testimony the witness gave before you during the trial.

You should keep in mind, of course, that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it, because people may forget some things or remember other things inaccurately.  So, if a witness has made a misstatement, you need to consider whether that misstatement was an intentional falsehood or simply an innocent lapse of memory;  and the significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

[The fact that a witness has previously been convicted of a felony, or a crime involving dishonesty or false statement, is also a factor you may consider in weighing the credibility of that witness.  Such a conviction does not necessarily destroy the witness' credibility, but it is one of the circumstances you may take into account in determining the weight to give to his testimony.]

While you should consider only the evidence in this case, you are permitted to draw such reasonable inferences from the testimony and exhibits as you feel are justified in the light of common experience.  In other words, you may make deductions and reach conclusions that

reason and common sense lead you to draw from the facts that have been established by the testimony and evidence in the case.

The testimony of a single witness may be sufficient to prove any fact, even if a greater number of witnesses may have testified to the contrary, if after considering all the other evidence you believe that single witness.

There are two types of evidence that you may consider in properly finding the truth as to the facts in the case. One is direct evidence—such as testimony of an eyewitness. The other is indirect or circumstantial evidence—the proof of a chain of circumstances that indicates the existence or nonexistence of certain other facts. As a general rule, the law makes no distinction between direct and circumstantial evidence, but simply requires that you find the facts from a preponderance of all the evidence, both direct and circumstantial.

When knowledge of technical subject matter may be helpful to the jury, a person who has special training or experience in that technical field—he is called an expert witness—is permitted to state his opinion on those technical matters. However, you are not required to accept that opinion. As with any other witness, it is up to you to decide whether to rely upon it.

In deciding whether to accept or rely upon the opinion of an expert witness, you may consider any bias of the witness, including any bias you may infer from evidence that the expert witness has been or will be paid for reviewing the case and testifying, or from evidence that he testifies regularly as an expert witness and his income from such testimony represents a significant portion of his income.

[Any notes that you have taken during this trial are only aids to memory. If your memory should differ from your notes, then you should rely on your memory and not on the notes. The notes are not evidence. A juror who has not taken notes should rely on his or her independent

recollection of the evidence and should not be unduly influenced by the notes of other jurors. Notes are not entitled to any greater weight than the recollection or impression of each juror about the testimony.]

When you retire to the jury room to deliberate on your verdict, you may take [this charge with you as well as] exhibits which the Court has admitted into evidence. Select your Foreperson and conduct your deliberations. If you recess during your deliberations, follow all of the instructions that the Court has given you about/on your conduct during the trial. After you have reached your unanimous verdict, your Foreperson is to fill in on the form your answers to the questions. Do not reveal your answers until such time as you are discharged, unless otherwise directed by me. You must never disclose to anyone, not even to me, your numerical division on any question.

If you want to communicate with me at any time, please give a written message or question to the bailiff, who will bring it to me. I will then respond as promptly as possible either in writing or by having you brought into the courtroom so that I can address you orally. I will always first disclose to the attorneys your question and my response before I answer your question.

After you have reached a verdict, you are not required to talk with anyone about the case unless the Court orders otherwise. [You may now retire to the jury room to conduct your deliberations.][5]

---

[5] Fifth Circuit Pattern Jury Instructions – Civil, 2006

**BURDEN OF PROOF**

      In Louisiana tort cases, the plaintiff must prove by a preponderance of the evidence both the negligence of the defendant and the damages caused by the latter's fault; but proof need be only by a preponderance of the evidence, not by some artificially created greater standard. [6] This burden of proof may be met by either direct or circumstantial evidence. A preponderance of the evidence simply means evidence that persuades you that the plaintiff's claim is more likely true than not true.[7]

      Proof is sufficient to constitute a preponderance when the entirety of the evidence, both direct and circumstantial, shows that the fact or causation sought to be proved is more probable than not. [8] . Thus, the plaintiff in this type of action must produce evidence from which the fact finder can reasonably conclude that his injuries, more probably than not, were caused by the negligence of the particular defendant. The plaintiff, however, does not have to conclusively exclude all other possible explanations for his injuries, because the standard is not proof beyond a reasonable doubt.[9]

      The civil burden of proof, "preponderance of the evidence," is less burdensome than the criminal standard of proof, "beyond a reasonable doubt."[10]

---

[6] *Jordan v. Travelers Ins. Co.,* 257 La. 995, 1007-08, 245 So. 2d 151, 155 (1971)

[7] Fifth Circuit Pattern Jury Instructions – Civil, 2006

[8] *Cangelosi v. Our Lady of the Lake Reg'l Med. Ctr., 564* So. 2d 654, 664 (La. 1989) *holding modified by Linnear v. CenterPoint Energy Entex/Reliant Energy,* 2006-3030 (La. 9/5/07), 966 So. 2d 36 citing *Boudreaux v. American Insurance Co.,* 262 La. 721, 264 So.2d 621 (1972

[9] *Id.* citing Restatement (Second) of Torts § 328D (1965); W. Prosser & W. Keeton, *The Law of Torts* § 39, at 248 (5th ed. 1984); *Naquin v. Marquette Casualty Co.,* 244 La. 569, 153 So.2d 395 (1963); *Boudreaux v. American Insurance Co., supra.*

[10] *Johnson v. Breck Const. Co.,* 32,311 (La. App. 2 Cir. 9/22/99), 743 So. 2d 296, 299

## CHARGE NO. -___

## USE OF NOTES TAKEN BY JURORS

Any notes that you have taken during this trial are only aids to your memory.  If your memory differs from your notes, you should rely on your memory and not on the notes.  The notes are not evidence.  If you have not taken notes, you should rely on your independent recollection of the evidence and should not be unduly influenced by the notes of other jurors.  Notes are not entitled to any greater weight than the recollection or impression of each juror about the testimony.[11]

---

[11] Fifth Circuit Pattern Jury Instructions – Civil, 2006

<u>**CHARGE NO. -___**</u>

**IMPEACHMENT BY WITNESSES' INCONSISTENT STATEMENTS**


   In determining the weight to give to the testimony of a witness, you should ask yourself whether there was evidence tending to prove that the witness testified falsely about some important fact, or, whether there was evidence that at some other time the witness said [or did] something, [or failed to say or do something] that was different from the testimony he gave at the trial.[12]

---

[12] Fifth Circuit Pattern Jury Instructions – Civil, 2006

**CONSIDERATION OF THE EVIDENCE**

You must consider only the evidence in this case. However, you may draw such reasonable inferences from the testimony and exhibits as you feel are justified in the light of common experience. You may make deductions and reach conclusions that reason and common sense lead you to make from the testimony and evidence.

The testimony of a single witness may be sufficient to prove any fact, even if a greater number of witnesses may have testified to the contrary, if after considering all the other evidence you believe that single witness.

There are two types of evidence you may consider. One is direct evidence—such as testimony of an eyewitness. The other is indirect or circumstantial evidence—the proof of circumstances that tend to prove or disprove the existence or nonexistence of certain other facts. The law makes no distinction between direct and circumstantial evidence, but simply requires that you find the facts from a preponderance of all the evidence, both direct and circumstantial.[13]

---

[13] Circuit Pattern Jury Instructions – Civil, 2006

<u>**CHARGE NO. -___**</u>

**DEPOSITION TESTIMONY**

     Certain testimony will now be presented to you through a deposition.  A deposition is the sworn, recorded answers to questions asked a witness in advance of the trial.  Under some circumstances, if a witness cannot be present to testify from the witness stand, that witness' testimony may be presented, under oath, in the form of a deposition.  Some time before this trial, attorneys representing the parties in this case questioned this witness under oath.  A court reporter was present and recorded the testimony.  The questions and answers will be read (shown) to you today.  This deposition testimony is entitled to the same consideration [and is to be judged by you as to credibility] [and weighed and otherwise considered by you insofar as possible in the same way] as if the witness had been present and had testified from the witness stand in court.[14]

---

[14] Circuit Pattern Jury Instructions – Civil, 2006

**CHARGE NO. - ____**

**EXPERT WITNESSES**

When knowledge of technical subject matter may be helpful to the jury, a person who has special training or experience in that technical field—he is called an expert witness—is permitted to state his opinion on those technical matters. However, you are not required to accept that opinion. As with any other witness, it is up to you to decide whether to rely upon it.[15]

---

[15] Circuit Pattern Jury Instructions – Civil, 2006

**NEGLIGENCE - LA. CIV. CODE ART. 2315**

**Negligence—Opening statements on fault and elements of prima facie case**

The law applicable to plaintiff's claim depends upon the nature of that claim. This is a suit seeking damages for injury caused by the act of another. Under our Civil Code such an act is called an offense or quasi-offense and the suit is generally known as a tort suit. The basic law in Louisiana in this type of suit is found in Article 2315 of our Civil Code.

> Every act whatever of man that causes damage to another obliges him by whose fault it happened to repair it.

The word "fault" in that article is a key word. While the Civil Code does not further define the word, it may perhaps best be explained by saying that it signifies that conduct which a person should not have engaged in that is, that he has acted as he should not have acted, or that he has failed to do something that he should have done. It is thus conduct below the standard which the law deems is applicable to his activities.

It should be immediately obvious to you that the standard which we apply to the defendant's conduct will vary according to the activity which he is engaged in, and the circumstances surrounding that activity. As you are well aware, in our complex society, persons are engaged in all kinds of activities, and understandably, different standards may apply to those activities. Those standards may be set down by the legislature as statutes, or by local officials as ordinances, or even by the courts themselves in instances in which the law does not make a specific provision for the activity. In a few minutes I will tell you the standards which apply to the defendant's conduct in this particular suit, and you must accept the standards as I give them to you. It will then be one of your tasks to determine if the plaintiff has proved by a

preponderance of the evidence that the defendant has fallen below the standard which the law expects of him in this particular instance. To put it briefly, you will have to determine if the plaintiff has proved that the defendant has engaged in substandard conduct and is thus, in legal terms, "at fault." In this particular case, the plaintiff alleges that the defendant has committed the kind of fault which the law calls "negligence."

I have previously told you that, in order to be successful, the plaintiff must establish all the essential elements of his case. The other elements are following:

(1) that the injury which the plaintiff suffered was, in fact, caused by the conduct of the defendant; and

(2) there was actual damage to the plaintiff's person or his property.[16]

[16] 18 La. Civ. L. Treatise, Civil Jury Instructions § 3.02 (2d ed.), § 3.02

**CHARGE NO. -____**

**DUTY-RISK**

In order to find a defendant negligent under LSA-C.C. art. 2315, a duty risk analysis must be employed which requires an examination of four factors: (1) whether the defendant's conduct was a cause in fact of the harm, (2) whether the defendant owed a legal duty to plaintiff which encompassed the particular risk of harm to which the plaintiff was exposed, (3) whether the defendant breached its duty to the plaintiff, and (4) whether and to what extent, if any, the plaintiff was damaged by the defendant's breach of that duty. [17]

---

[17] *Forest v. State, Thru Louisiana D. of Transp.,* 493 So.2d 563 (La.1986);

*Reese v. Griffith*, 568 So. 2d 1146, 1150 (La. Ct. App. 1990)

<u>**CHARGE NO. -___**</u>

<u>**EXECUTIVE OFFICER LIABILITY**</u>

An employer such as Texaco. Inc, owes a duty to its employees, such as Mr. Cologne to provide a safe place within which to work .  However, a corporation may delegate this duty to individuals in its employ, such as safety directors, plant manages, supervisors, and foremen.  A person who the company has delegated its duty to provide a safe place to work owes the company employee, such as plaintiffs a duty to use due care not to injure them.  That is, the safety personnel must not create or maintain any condition which will result in an undue risk of harm to others.

The law has established the flowing criteria for imposing individual liability:

1. The principal or employer owes a duty of dare to the third person, which in this sense includes a co-employee, breach of which has caused the damages for which recovery is sought.

2. the duty is delegated by the principal employer to the defendant

3. The defendant officer, agent or employee has breached this duty through personal as contracted with technical or vicarious fault.  The breach occurs when the defendants has failed to discharge the obligation with the degree of care required by ordinary prudence under the same of similar circumstances, whether such failure be due to malfeasance, misfeasance, or nonfeasance, including when the failure results from not acting upon actual knowledge of the risk to others, as well as from the lack of ordinary care in discovering and avoiding such risk of harm, which is resulted from the breach of they duty.

4. With regard to the personal fault, personal liability cannot be imposed upon the officer, agent, or employee simply because of his general administrative responsibility for performance of some function of the employment, he must have a personal duty to wards the injured plaintiff, breach of which specifically has caused the plaintiff's damages. [18]

---

[18] *Abadie v. Metropolitan Life Ins. Co.,* 784 So.2d 46, 80-81 (La. App.  5 Cir. 3/28/010)
*Canter v. Koehring Co.,* 283 So.2d 716 (LA. 1973)
*Asbestos v Bordelon,* 726 So.2d 926 (LA. App. 4th Cir. 10/21/98)

**Breach of the Executive officer's Duty:**

If you have determined that a duty is owed by the executive officer to the injured worker, you must then evaluate whether he defendant officer, agent, or employee has breached this duty through personal (as contrasted with technical or vicarious) fault. [19] The breach occurs when the defendant has failed to discharge the obligation with the degree of care required by ordinary prudence under the same or similar circumstances—whether such failure be due to malfeasance, misfeasance, or nonfeasance, including when the failure results from not acting upon actual knowledge of the risk to others as well as from a lack of ordinary care in discovering and avoiding such risk of harm which has resulted from the breach of the duty. [20]

**Employer's duty that may be delegated to executive officers:**

LSA-R.S. 23:13 provides: Every employer shall furnish employment which shall be reasonably safe for the employees therein. They shall furnish and use safety devices and safeguards, shall adopt and use methods and processes reasonably adequate to render such employment and the place of employment safe in accordance with the accepted and approved practice in such or similar industry or places of employment considering the normal hazard of such employment, and shall do every other thing reasonably necessary to protect the life, health, safety and welfare of such employees. [21]

---

[19] *Canter v. Koehring Company*, 283 So.2d 716 (La.Sup.Ct.1973); citing *Canter v. Koehring Company*, 283 So.2d 716 (La.Sup.Ct.1973).

[20] *Canter v. Koehring Company*, 283 So.2d 716 (La.Sup.Ct.1973); citing *Canter v. Koehring Company*, 283 So.2d 721 (La.Sup.Ct.1973).

[21] *Taranto v. Cook*, 425 So. 2d 1326, 1330 (La. Ct. App. 1983)

**CHARGE NO. -___**

**CAUSATION**

Causation is a fact specific inquiry. The issue is whether defendant's conduct was, in fact, a cause of plaintiff's harm. When multiple causes are present, defendant's conduct is a cause in fact when it is a factor generating plaintiff's harm. Direct or circumstantial evidence constitutes a preponderance when it shows causation is more probable than not.[22]

Plaintiff has the burden of proving causation by a preponderance of the evidence. It is only necessary that the evidence show it is more probable than not the harm was caused by the tortious conduct of the defendant. This burden of proof may be satisfied by direct or circumstantial evidence. Circumstantial evidence will suffice if it excludes other reasonable hypotheses with a fair amount of certainty so that it is more probable than not that the harm was caused by the tortious conduct of the defendant.[23]

Conduct is a cause –in –fact of harm to another if it was a substantial factor in bringing about that harm. Or for a single defendant: whether harm would not have occurred but for the defendant's substandard conduct.[24]

---

[22] *Rick v. State, DOTD,* 630 So.2d 1271 (La. 1994)
*Cavalier v. Cain's Hydrostatic Testing, Inc.,* 94-1496 (La. 6/30/95), 657 So.2d 975.
[23] *Fontenot v. Fontenot*, 93-2479 (La. 4/11/94), 635 So.2d 219.
[24] *Abadie v. Metropolitan Life Ins.* Co, 784 So. 2d 46,90  (La App. 5 Cir. 3/28/01).
*Dixie Drive it Yourself System v. American Beverage Co.,* 137 So.2d 298 (La. 1962)

**CHARGE NO. -___**

CAUSATION - CONCURRENT CAUSES OF INJURY

Many factors, things, or the conduct of two or more persons or companies may operate at the same time, either independently or together, to proximately cause injury. Causation is not defeated by the possibility that the injury would have happened without the defendants' involvement. And plaintiffs do not have to prove that the defendants' actions alone would have caused the harm. There can be more than one "cause in fact." When two independent factors may have contributed or combined to cause a single injury, one sole defendant can be liable even though the same might have resulted from the act of another.[25]

---

[25] *Acosta v. Babcock and Wilcox,* 961 F.2d 533 (5th Cir. 1992)

**CHARGE NO. -___**

**Contributory Negligence**

A defendant who claims contributory negligence as an affirmative defense must prove by a preponderance of the evidence that the injured party failed to act as a reasonable and prudent person and his negligence was the legal cause of the accident. [26]

---

[26] *Romero v. Gary,* 619 So.2d 1244 (La. App. 3 Cir. 1993).

## CHARGE NO. __

INJURY /ACCIDENT

"**When the performance of the usual and customary duties of a workman cause or contribute to a physical breakdown, the statutory requirements for an accidental injury are present.**"[27] "That a condition may commonly be referred to as an illness or disease does not thereby preclude its classification as an accident.[28] "**It is only necessary that the accidental injury be caused or precipitated by the usual and customary actions, exertion, or other factors directly connected with the employment.**"[29]

---

[27] *Jennings v. Louisiana Southern Life Insurance **Co.,*** 290 So.2d 811 (La.1974). COTONG *ferguson v. HDE, Inc.,* 270 So.2d 867 (La.1972); *Bertrand v. Coal Operators Casualty Co.,* 253 La. 1115, 221 So.2d 816 (1968).

[28] *Jennings v. Louisiana Southern Life Insurance Co.,* 290 So.2d 811 (La.1974).

[29] *Id. citing Roussel v. Colonial Sugars Co.,* 318 So.2d 37 (La.1975); see also *Quine v. Ideal Cement Co.,* 351 So. 2d 1303, 1305 (La. Ct. App. 1977) *writ denied sub nom. Quine v. Ideal Cement Co..,* 353 So. 2d 1035 (La. 1978) (emphasis added); see also *Parks v. Insurance Co. of North America,* 253 So.2d 276 (La 1976

**<u>CHARGE NO. __</u>**

<u>CIRCUMSTANTIAL EVIDENCE - BURDEN</u>

The party seeking to prove a particular fact by circumstantial evidence has satisfied his burden of proof if the evidence, taken as a whole, shows that the fact sought to be proven is the most plausible explanation for what occurred and that no other mutually-exclusive fact can reasonably explain the outcome.

In this case, plaintiff has the burden of proving causation by a preponderance of the evidence. It is only necessary that the evidence show it is more probable than not the harm was caused by the tortious conduct of the defendant. This burden of proof may be satisfied by direct or circumstantial evidence. Circumstantial evidence will suffice if it excludes other reasonable hypotheses with a fair amount of certainty so that if, more probably than not, the harm was caused by the tortious conduct of the defendant.[30]

---

[30] *Babin v. Burnside Terminal*, 577 So.2d 90 (La. App. 1 Cir. 1990).
*Fontenot v. Fontenot*, 93-2479 (La. 4/11/94), 635 So.2d 219.

**CHARGE NO. ___**

<u>EXPERT WITNESSES</u>

The rules of evidence ordinarily permit witnesses to testify about facts within their knowledge, and prohibits those witnesses from testifying as to their opinions and conclusions as to those facts.  An exception to this principle exists as to those witnesses accepted as experts by this Court.

Experts are permitted to state their opinions and conclusions as to relevant matters within their expertise, and to provide the reasons for their opinions and conclusions if this is necessary to assist the trier of fact.

You should consider each expert opinion in this case, and give it such weight as it may deserve.  If you should decide that the opinion of an expert witness is not based on sufficient education or experience, or if you should conclude that the reasons given in support thereof are not sound, or if you feel it is outweighed by other evidence, you may disregard the opinion of that expert entirely.[31]

---

[31] *State v. Prestridge,* 399 So.2d 564 (La. 1980).
*Wilson v. Wilson*, 542 So.2d 568 (La. App. Cir. 1989).
*Ray v. Ameri-Care Hosp.*, 400 So.2d 1127 (La. App. 1 Cir. 1981).

**CHARGE NO. __**

**CAUTIONARY INSTRUCTION ON DAMAGES**

You should not interpret the fact that I have given instructions about the plaintiff's damages as an indication in any way that I believe that the plaintiff should, or should not, win this case.[32]

---

[32] Circuit Pattern Jury Instructions – Civil, 2006

**CHARGE NO. __**

COMPENSATORY DAMAGES

On the question of damages, there is no limit to the amount a litigant may claim or sue for, and you should not be influenced by the amount claimed by plaintiffs in this suit or by the fact that I give you charges on damages.  The goal of compensatory damages is to make the plaintiffs whole again and to compensate them to the fullest extent possible for any harm caused to them by the wrongdoer.  When the case is given to you, it will be your duty to decide first whether there is any liability on the part of the defendant, and to determine the amount of damages, if any, due plaintiffs for their damages.  You may award damages based on what you believe will reasonably compensate plaintiffs for their loss.

As in other parts of the plaintiffs' case, these damages must be established by a preponderance of the evidence.  This means that you are entitled to award damages for injuries that you think the plaintiffs have suffered or will suffer in the future.  It also means that you may make an effort to reasonably approximate the damages that plaintiffs have proved are more probable than not, even though they cannot be computed with mathematical certainty.

In any suit for damages, the plaintiff bears the burden of proving his monetary damages.

In this civil action, plaintiff bears the burden of proving each element of his claim by a preponderance of the evidence; "preponderance of evidence" means that evidence, when taken as a whole, shows that fact to be proven is more probable than not. [33]

---

[33] Southern Message Service, Inc. v. Commercial Union Ins. Co., 26,311 (La. App. 2 Cir. 12/7/94), 647 So.2d 398.
Borden Inc. v. Howard Trucking Co., Inc., 454 So.2d 1081 (La. 1983)
Gonzales v. Bordelon, 595 So.2d 761 (La. App. 4th Cir. 1992).

<u>**CHARGE NO.** __</u>

<u>GENERAL DAMAGES</u>

General damages are those that may not be fixed with pecuniary exactitude. Instead, general damages involve mental or physical pain or suffering, inconvenience, the loss of intellectual gratification or physical enjoyment, or other losses of life or lifestyle that cannot be definitively measured in monetary terms.

The laws of this state allow you, the trier of fact, much discretion in the award of general damages. Should you find that the plaintiffs have met the necessary burden of proof, your primary consideration in the assessment of general damages should be the severity and duration of the harm or damage.

General damages do not have a common denominator and are determined on a case-by-case basis. They involve physical and mental pain and suffering, inconvenience, loss of intellectual gratification or physical enjoyment, and other factors that affect the victim's life.[34]

"The trier of fact is granted much discretion in the award of general damages, i.e., those which may not be fixed with any degree of pecuniary exactitude but which, instead, involve mental or physical pain or suffering, inconvenience, the loss of gratification of intellectual or physical enjoyment, or other losses of life or life-style which cannot really be measured definitively in terms of money." [35]

---

[34] *Glasper v. Henry*, 589 So.2d 1173 (La. App. 4 Cir. 1991).
*Keeth v. Dept. of Public Transp.*, 618 So.2d 1154 (La. App. 2 Cir. 1993).
*Whitaker v. Mullinax*, 628 So.2d 222 (La. App. 2 Cir. 1993).
[35] *Boswell v. Martin Lumber Co.*, 363 So.2d 506 (La. 1978); *Anderson v. Welding Testing Laboratory*, 304 So.2d 351 (La. 1974); *Cole v. City of West Lake*, 517 So.2d 928, 931 (La. App. 3 Cir. 1987).

**CHARGE NO. __**

<u>LOSS OF ENJOYMENT OF LIFE</u>

Loss of enjoyment of life is a separate element of compensable general damages which is not necessarily included in an award for general pain and suffering. Loss of enjoyment of life constitutes damage that is compensable under La.C.C. art. 2315 and accordingly that the jury may be allowed to give a separate award for loss of enjoyment of life.[36]

---

[36] *McGee v. A C & S, Inc.*, 933 So. 2d 770 (La. 2006)
*Hernandez v. Continental Cas. Ins. Co.*, 615 So.2d 484 (La. App. 4 Cir. 1993).

**<u>CHARGE NO. __</u>**


<u>REASONABLE MEDICAL EXPENSES</u>

  Plaintiffs may ordinarily recover reasonable past and future medical expenses incurred as a result of the injury.  Even though the possible result of future treatment is unknown and its cost cannot be fixed with precision, future medical expenses are a legitimate item of damages.[37]

---

[37] *Guillory v. Avondale Shipyards Inc.,* 488 So.2d 1281 (La. 1984).

**CHARGE NO.** ___

COMPENSATION FROM COLLATERAL SOURCE

It has long been established that a tortfeasor's obligation to make restitution for the injury he has caused is undiminished by any compensation received by the injured party from an agent or collateral source,[38] including Medicare. The fact that an injured plaintiff receives from an agent or collateral source payments that may have some tendency to mitigate the consequences of the injury, which otherwise would have been suffered, may not be taken into consideration in assessing the damages or other recovery to which the claimant may be entitled. The Collateral Source Rule burdens the wrongdoer with the full consequences of his act and prevents him from reaping benefits intended for the injured party. If there is to be a windfall, the injured party is more justly entitled to it than the wrongdoer.[39] The plaintiff's recovery cannot be diminished by amounts paid by Medicare.[40]

---

[38] *Sweep v. Lear Jet, Inc.,* 412 F.2d 457 (5th Cir. 1969).
[39] *Id.*
[40] *Dumas v. Harry,* 94-19 (La. App. 5 Cir. 5/11/94), 638 So.2d 283.
*Williamson v. St. Francis Medical Center*, 559 So.2d 929 (La. App. 2 Cir. 1990).

Respectfully submitted,

L. Eric Williams, Jr., LSBN 26773
**WILLIAMS LAW OFFICE, LLC**
433 Metairie Rd., Suite 230
Metairie, LA 70005
Telephone: (504) 832-9898
Facsimile:  (504) 832-9811

*s/ Amber E. Cisney*
Richard J. Fernandez (LSB # 05532)
Amber E. Cisney (LSB #28821)
**Law Office of Richard J. Fernandez, LLC**
3000 West Esplanade Ave. Suite 200
Metairie, Louisiana  70002
Telephone: (504) 834-8500
Facsimile:   (504) 834-1511
rick@rjfernandezlaw.com
amber@rjfernandezlaw.com

John A. Venezia (#23963)
Venezia & Associates (APLC)
757 St. Charles Avenue, Suite 303
New Orleans, Louisiana 70130
Telephone: (504) 486-3910
Facsimile: (504) 486-3913
john@venezialaw.net
**ATTORNEY FOR COMPLAINANT**

### CERTIFICATE OF SERVICE
        I hereby certify that a copy of the foregoing has been served on all known counsel of record in this proceeding by ECMF, email or facsimile on this 3rd day of February, 2014.

*s/ Amber E. Cisney*